| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>17th  JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>21-2004-CD |
|---|---|---|

Court address
180 Ottawa Avenue NW, Suite 2400 Grand Rapids, MI 49503

Court telephone no.
(616) 632-5480

| Plaintiff's name(s), address(es), and telephone no(s).<br>Cassandra Cook | v | Defendant's name(s), address(es), and telephone no(s).<br>BRADFORD WHITE CORPORATION<br>THE CORPORATION COMPANY<br>615 GRISWOLD<br>DETROIT, MI 48226 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>David A. Nacht (P47034), NACHTLAW, P.C.<br>101 North Main St., Suite 555, Ann Arbor, MI 48104<br>dnacht@nachtlaw.com<br>(734) 663-7550 | | |

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>MAR 0 9 2021 | Expiration date*<br>JUN 0 8 2021 | Court clerk<br>LISA POSTHUMUS LYONS |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (9/19)  SUMMONS           MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| PROOF OF SERVICE | SUMMONS Case No. 21- - CD |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                              Date

My commission expires: _____ Signature: _____
                          Date                           Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                          Attachments

_____ on _____
                                       Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR KENT COUNTY

CASSANDRA COOK,

  Plaintiff,

-v-

BRADFORD WHITE CORPORATION, a
foreign profit corporation, and ANSU KROMAH,

  Defendants.

Case No.: 21-   -CD

Judge:

PAUL J. DENENFELD

---

David A. Nacht (P47034)
Fabiola A. Galguera (P84212)
NACHTLAW, P.C.
*Attorneys for Plaintiff*
101 North Main St., Suite 555
Ann Arbor, MI 48104
(734) 663-7550

---

There has never been any other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court.

### COMPLAINT AND JURY DEMAND

NOW COMES Cassandra Cook, by and through her attorneys NACHTLAW P.C., and makes this Complaint against Bradford White Corporation ("Bradford White") and Ansu Kromah ("Kromah"), as follows:

### PARTIES

1. Plaintiff Cook is an individual residing in Howard City, Newaygo County, Michigan.

2. Defendant Bradford White is a foreign profit corporation incorporated under the laws of the state of Delaware qualified to operate in the state of Michigan with a registered office in Grand Rapids, Kent County, Michigan.

3. Defendant Kromah was an employee of Defendant Bradford White at the same time as Plaintiff Cook.

## JURISDICTION AND VENUE

4. This is an action for sex discrimination and retaliation in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101 *et seq.*

5. Jurisdiction is proper pursuant to this Court's general jurisdiction pursuant to MCL 600.605.

6. Venue is proper pursuant to MCL 600.1621 as Defendant Bradford White's registered office is located in Kent County.

## GENERAL ALLEGATIONS

7. Plaintiff Cook was hired by Defendant Bradford White on July 24, 2017 as an Assembler at the Middleville factory.

8. At all times, she performed her duties diligently and admirably, even through a difficult, risky pregnancy.

9. During about the first week of March 2018, Defendant Kromah began to sexually harass Plaintiff Cook at work.

10. At the time, Plaintiff Cook was approximately 6 months pregnant and a single mother.

11. On or about March 5, 2018, Plaintiff Cook began to notice that Defendant Kromah would constantly leer at her.

12. He was staring at her intently, not even flinching when she caught him looking.

13. She felt extremely uncomfortable because of the way he looked at her.

14. On or about March 6, 2018, Defendant Kromah continued to stalk and watch Plaintiff Cook.

15. Defendant Kromah's harassment escalated and became more verbal and sexually explicit.

16. About one or two hours before lunch, he got close to her – about 2 feet away – and made a hand gesture in order to communicate to her that his penis was large.

17. He first pointed at his penis, made a circular motion as if to signal to her its girth, and then moved his hand as if he was supporting something very heavy.

18. Plaintiff Cook was shocked and upset at Defendant Kromah's action.

19. Defendant Kromah laughed, walked away, and continued to leer at her.

20. On or about March 7, 2018, Defendant Kromah continued to harass Plaintiff Cook.

21. He continued to stalk her on the floor, following her around and watching her from behind machinery.

22. He approached her multiple times throughout the workday and asked if she would "suck his dick."

23. Defendant Kromah made other aggressive, sexual comments while Plaintiff Cook tried to work.

24. Plaintiff Cook felt disgusted and humiliated by his comments.

25. Every time he said something to her, she pleaded with him to leave her alone.

26. Defendant Kromah's harassment made Plaintiff Cook feel unsafe at work.

27. She was scared to go to the bathroom alone.

28. She would hide behind presses when she saw Defendant Kromah walking her way.

29. Defendant Kromah's harassment was overt; other employees noticed Defendant Kromah's behavior towards Plaintiff Cook.

30. On March 8, 2018, Defendant Kromah followed and stalked her on the floor.

31. At the time, Plaintiff Cook was in a dating relationship.

32. Defendant Kromah told Plaintiff Cook that he "did not give a fuck about [her] man."

33. He told her that she would eventually be interested in him.

34. Later that day, a co-worker approached Plaintiff Cook to tell her that while she was bent over, Defendant Kromah was leering at her buttocks.

35. His behavior was overt and obvious to their co-workers.

36. Plaintiff Cook later caught him staring at her through a jacket rack.

37. Plaintiff Cook reported Defendant Kromah's behavior to Human Resources.

38. She presented a union representative and Human Resources Director Dave Seeley with a statement detailing Defendant Kromah's harassment.

39. A witness to Defendant Kromah's behavior also submitted a statement describing Defendant Kromah's harassment of Plaintiff Cook.

40. Defendant Kromah found out that same day that Plaintiff Cook had lodged a complaint against him.

41. Plaintiff Cook was at her workstation when Defendant Kromah invaded her personal space and said "yo bitch listen to me."

42. He proceeded to make non-sequitur comments.

43. Defendant Kromah then went to meet with Human Resources.

44. Upon reasonable belief, Defendant Kromah did not received any reprimand for his behavior.

45. Defendant Kromah gloated about not receiving punishment.

46. Plaintiff Cook was shocked and horrified that Defendant Bradford White failed to address Defendant Kromah's harassing behavior.

47. Plaintiff Cook was aware of other women who had complained about Defendant Kromah's sexually inappropriate behavior.

48. She returned to Human Resources to once again complain about Defendant Kromah's behavior.

49. Instead of addressing Defendant Kromah's harassment, Mr. Seeley forced Plaintiff Cook to move to a different department.

50. This reassignment was punitive.

51. Plaintiff Cook was moved to a less desirable position she was not trained for.

52. Meanwhile, Defendant Kromah did not face any consequences for his harassment.

53. Later that same day, she went to the bathroom and while reviewing the job openings board, Defendant Kromah once again approached her.

54. Defendant Kromah began to yell at her, saying "what the fuck do you think you're doing!?"

55. Plaintiff Cook tried to walk away but Defendant Kromah continued to follow her screaming and cursing at her: "bitch, when I say something to you, listen!"

5

56. Without stopping because she was trying to get away from him, she demanded that he "not speak to [her] like that."

57. No matter where she went, he continued to yell at her and curse at her.

58. Two co-workers heard Defendant Kromah's yelling and came to see what was going.

59. He left when he saw them approaching.

60. Plaintiff Cook was so scared of his behavior, she was forced to hide in the Plant Supervisor's office for about 20 minutes while her co-worker confirmed Defendant Kromah had left the premises.

61. The next day on March 9, 2018, it quickly became clear to Plaintiff Cook that moving departments would not change anything.

62. While she was working in her new department, Defendant Kromah continued to stare her down, watching her from a distance.

63. Plaintiff Cook did not feel safe at work.

64. She returned to Mr. Seeley and told him she could not work for a company that supported a sexual predator.

65. Mr. Seeley pulled out a quit slip, handed it to her and said, "if this is what you feel like needs to be done than do what you got to do.

66. Plaintiff Cook was shocked and hurt; she planned on staying at Bradford White until she retired.

67. She wrote in the quit slip under the explanation section that "[she] was being harassed and it was not being taken care of and [she] was [the] one being punished."

68. Defendants' willful and malicious disregard for Plaintiff Cook's safety and well-being led her to experience physical, emotional, and financial harm.

69. During Defendant Kromah's harassment, Plaintiff Cook was going through a difficult pregnancy.

70. The anxiety and stress of dealing with Defendants exacerbated the physical and emotional difficulties she was experiencing.

71. As a result of Defendants' actions, she has been left with long-term emotional trauma.

72. Plaintiff Cook does not feel safe in work environments, which has impacted her ability to find and maintain employment.

73. On March 9, 2018, Plaintiff Cook was constructively discharged due to Defendants' discriminatory and retaliatory actions including, but not limited to: forcing her to change departments, placing her in a department she was not trained for, and failing to address Defendant Kromah's harassment.

74. Defendant Bradford White's Human Resources director made it clear no further action would be taken to address Defendant Kromah's harassing behavior.

75. Defendants intentionally created working conditions so intolerable that Plaintiff Cook has no choice but to resign.

76. Defendants did so because of her gender, and in retaliation to her opposition of Defendants' discriminatory actions.

77. Any reasonable person would have resigned in her position based on Defendant's conduct.

## COUNT I

*(As to Defendant Bradford White Only)*
**SEX DISCRIMINATION IN VIOLATION OF**
**ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2201 et seq.**

78. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

79. At all relevant times, Defendant Bradford White was an employer and Plaintiff Cook was an employee within the meaning of the Elliott-Larsen Civil Rights Act, MCL § 37.2101.

80. Plaintiff Cook is a member of a protected class because of her sex: female.

81. Defendant Bradford White's actions were motivated by unlawful discrimination against Plaintiff Cook because of her sex, including but not limited to her constructive discharge.

82. If not for Plaintiff Cook's sex, she would not have been constructively discharged by Defendant Bradford White.

83. Defendant Bradford White's actions constitute unlawful discrimination against Plaintiff Cook because of her sex in violation of MCL § 37.2202.

84. As a direct and proximate result of Defendant Bradford White's wrongful acts, Plaintiff Cook has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of fringe and retirement benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; and loss of professional reputation.

## COUNT II

*(As to Defendants Bradford White and Kromah)*
**RETALIATION IN VIOLATION OF**
**ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2701 et seq.**

85. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

86. At all relevant times, Defendant Bradford White was an employer and Plaintiff Cook was an employee and person, covered by and within the meaning of the Elliott-Larsen Civil Rights Act, MCL § 37.2101.

87. Plaintiff Cook engaged in conduct protected by ELCRA's anti-retaliation provision including reporting harassment based on her sex.

88. Defendant Bradford White retaliated against Plaintiff Cook for opposing harassment and discriminatory treatment by unfairly changing her from one department to another and then constructively discharging her.

89. Defendant Kromah also retaliated against Plaintiff Cook for opposing harassment and discriminatory treatment by continuing to harass her after she reported his behavior to Human Resources.

90. Defendant Bradford White and Defendant Kromah unlawfully retaliated against Plaintiff Cook because of her protected conduct.

91. As a direct and proximate result of Defendants' wrongful acts, Plaintiff Cook has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of fringe and retirement benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; and loss of professional reputation.

### RELIEF REQUESTED

WHEREFORE Plaintiff requests this Honorable Court grant the following:

a. Compensatory damages for monetary and nonmonetary loss in whatever amount she is found to be entitled to;

b. Exemplary damages in whatever amount she is found to be entitled to;

c. A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled to;

    d. Statutory damages costs, pre- and post-judgment interest, attorney fees; and

    e. Additional relief, including but not limited to declaratory and injunctive relief, that this Honorable Court deems just and is permitted in law or equity.

                                                  Respectfully submitted,

                                                  NACHTLAW, P.C.

                                                  <u>/s/ David A. Nacht (P47034)</u>
                                                  Attorney for Plaintiff Cassandra Cook
                                                  101 N. Main Street, Ste. 555
                                                  Ann Arbor, MI 48104
                                                  (734) 663-7550
                                                  dnacht@nachtlaw.com

Dated: March 4, 2021

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR KENT COUNTY

CASSANDRA COOK,

    Plaintiff,

-v-

BRADFORD WHITE CORPORATION and
ANSU KROMAH,

    Defendants.

Case No.: 21-_____-CD

Judge:

PAUL J. DENENFELD

---

David A. Nacht (P47034)
Fabiola A. Galguera (P84212)
NACHTLAW, P.C.
*Attorneys for Plaintiff*
101 North Main St., Suite 555
Ann Arbor, MI 48104
(734) 663-7550

---

## DEMAND FOR TRIAL BY JURY

NOW COMES Cassandra Cook, by and through her attorneys NACHTLAW, P.C., and hereby demands for a jury trial in the above-captioned matter for all issues so triable.

    Respectfully submitted,

    NACHTLAW, P.C.

    /s/ David A. Nacht (P47034)
    Attorney for Plaintiff Cassandra Cook
    101 N. Main Street, Ste. 555
    Ann Arbor, MI 48104
    (734) 663-7550
    dnacht@nachtlaw.com

Dated: March 4, 2021